ACCEPTED
14-15-00286-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
4/1/2015 4:05:07 PM
CHRISTOPHER PRINE
CLERK

NO.

_____

## IN THE

## _____ COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

4/1/2015 4:05:07 PM

CHRISTOPHER A. PRINE
Clerk

### At Houston, Texas

### *In Re Joiner Bay Estate, LLC, Carl Joiner and Colene Joiner, Relators.*

_____

**Original Proceeding for Writ of Mandamus to the 334th Judicial District Court of Harris County, Texas; Cause No. 2011-40057, the Honorable Judge Grant Dorfman, Presiding**

_____

### RELATORS' EMERGENCY MOTION FOR STAY

_____

Jerry Hacht
State Bar of Texas No. 09367365
4808 Gibson Street, Suite 400
Houston, Texas 77007
Telephone:  (713) 554-3025
Facsimile: (713) 554-3026
Trialatt@aol.com

**Counsel for Relators**

Pursuant to Texas Rule of Appellate Procedure 52.10, Relators Joiner Bay Estate, LLC, Carl Joiner, and Colene Joiner ask this Court for an emergency stay of all proceedings in Cause No. 2011-40057, in the 334th Judicial District Court of Harris County, Texas, and for good cause would show the Court as follows:

## A. <u>INTRODUCTION</u>

Relators Joiner Bay Estate, LLC, Carl Joiner, and Colene Joiner ("Relators") have filed a Petition for Writ of Mandamus ("Petition") concurrently with this Emergency Motion for Stay of Proceedings. Relators seek mandamus review of two orders entered by the Honorable Judge Grant Dorfman of the 334th Judicial District Court of Harris County, Texas ("Trial Court"), which purport to grant a New Trial in the Proceedings Below and allow additional discovery on a sanctions motion ("the Sanctions Orders").

As outlined in Relators' Petition, the Sanctions Orders are an abuse of discretion because the trial court's plenary jurisdiction expired before the entry of such orders. On November 24, 2014, the trial court signed an Order of Dismissal with Prejudice based on the settlement agreement entered into by the parties. On December 24, 2014, Plaintiff William King filed a Motion for New Trial that did not seek a new trial but instead sought additional discovery to pursue a sanctions motion that had previously been litigated and overruled. On February 6, 2014, the trial court entered an order setting aside the dismissal, and on March 25, 2015,

1

entered an order granting King's Motion for New Trial. The trial court's March 25, 2015 order directs the parties to engage in discovery on the sanctions issue, including submitting documents for an *in camera* review by the Court in order to resolve any assertions of attorney-client privilege. These settings have the potential to significantly harm Relators as they may be required to turn over privileged documents, yet a stay of these proceedings while this Court considers Relators' Petition would have little if any impact on King. Relators therefore seek to have the trial court proceedings stayed pending the decision of this Court on Relators' Petition.

## B. <u>ARGUMENT & AUTHORITIES</u>

A party may move to stay the underlying proceedings or for other temporary relief pending the appellate court's determination of an original proceeding. Tex. R. App. P. 52.10(b).

The order granting the new trial, which just ordered the reopening of discovery, will result in irreparable harm to each Relator. The order can result in privileged documents being produced. Moreover, it will result in additional time and expense on behalf of Relators to explore an issue when King has already been afforded three opportunities to investigate and litigate. King, through his Motion for Sanctions and Motion to Reopen Discovery and For an Evidentiary Hearing on Defendant's Motion for Sanctions was given the opportunity to present his

concerns through multiple rounds of briefing and hearings on April 4, 2014, November 24, 2014 and again on February 6, 2015. Further, Relators should not have to comply with an order that was issued after the expiration of the trial court's plenary jurisdiction.

This Court's grant of an immediate stay is necessary to temporarily relieve the Relators from compliance with these orders, maintain the status quo, and preserve the Court's jurisdiction while it reconsiders the merits of the original proceedings. At a minimum, these proceedings should be abated until this Court rules on Relators Petition.

## C. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Relators respectfully pray that this Court grant emergency relief staying all proceedings in Cause No. 2011-40057, in the 334th Judicial District Court of Harris County, Texas until such time as the Court has had an opportunity to address the merits of the claims stated in Relators' Petition for Writ of Mandamus and for any other relief to which Relators may show themselves justly entitled.

Respectfully submitted,

s/<u>Jerry Hecht</u>

JERRY HECHT
State Bar of Texas No. 09367365
4808 Gibson Street, Suite 400

Houston, Texas 77007
(713) 554-3025
(713) 554-3026 {Fax}
Trialatt@aol.com
*Counsel for Relators*

## **Certificate of Compliance**

I hereby certify that, in accordance with Tex. R. App. P. 52.10(a), all parties were notified by facsimile and or telephone on April 1, 2015, that this Emergency Motion for Stay was being filed.

This brief was prepared using Microsoft Word. Relying on the word count function in that software, I certify that this brief contains 626 words (exclusive of the caption, identity of the parties and counsel, table of contents, index of authorities, statement of the case, statement of the issues, signature, proof of service, certificate of compliance, and certificate of service.

I certify under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Executed in Houston, Texas on April 1, 2015.

s/Jerry Hecht

## Certificate of Service

The undersigned counsel of record certifies that a true copy of this instrument was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel on April 1, 2015, as follows:

Richard P. Hogan, Jr.
Jennifer Bruch Hogan
HOGAN & HOGAN
Pennzoil Place
711Louisiana, Suite 500
Houston, Texas 77002
By United States Mail

Larry D. Eastepp
State Bar No. 06361750
5300 Memorial Drive, Suite 1000
Houston, Texas  77006
Telephone: 713-255-3388
Facsimile: 888-475-5152
larry@eastepplaw.com
By United States Mail

**The Honorable Grant Dorfman**
Judge, 334h Judicial District Court (Harris County, Texas)
201 Caroline, 14th Floor
Houston, Texas 77002
By United States Mail

s/Jerry Hecht

Exhibit A

Trial Court's Order on Pending Motion, entered March 25, 2015

Cause No. 2011-40057

| JOINER BAY ESTATE, L.L.C., et als. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| WILLIAM E. KING, et als. | § | 334TH JUDICIAL DISTRICT |

## ORDER ON PENDING MOTIONS

ON THIS DAY the Court considered the Motion for New Trial and the Motion to Reopen Discovery and for an Evidentiary Hearing on Defendant's Motion for Sanctions ("Motion to Reopen"), both filed by defendant William E. King in the above-styled case. Upon consideration of same, the responses and replies relating thereto, and the arguments of counsel and evidence submitted therewith, the Court hereby orders the following:

- Defendant's Motion for New Trial is hereby **GRANTED;**

- Defendant's Motion to Reopen is also **GRANTED;**

- The parties are directed to confer regarding the documents and other discovery requested in Paragraphs 7 and 8 of the Motion to Reopen. The parties shall attempt to reach agreement on (i) which requested documents, if any, will be produced by agreement, (ii) which documents shall be submitted for *in camera* review by the Court in order to resolve any assertions of attorney-client privilege or work product protection, (iii) a deposition schedule; and (iv) a date for the sanctions hearing;

- Any discovery or scheduling matters as to which the parties cannot agree shall be briefed for submission or oral hearing, as desired, within the next thirty (30) days.

It is so **ORDERED.**

SIGNED this 25th day of March, 2015.

FILED
Chris Daniel
District Clerk

MAR 2 5 2015

Time:_____
By_____
Harris County, Texas
Deputy

_____
JUDGE GRANT DORFMAN